**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY O. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-326-GBW-SRF |
| | ) | |
| A. WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Anthony O. Miller ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this action on March 24, 2026, alleging violations of his civil rights under 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, I recommend that the court DISMISS the complaint WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. BACKGROUND

Plaintiff's complaint relates to events that occurred during his arrest on January 10, 2024. (D.I. 2 at 7) The complaint alleges that, after Plaintiff was restrained in handcuffs, a K-9 officer released a police dog while another officer held Plaintiff down. (*Id.*) Plaintiff sustained dog bite injuries and was taken to the hospital. (*Id.*) Plaintiff continues to suffer from the injuries sustained during his arrest. (*Id.*)

---

[1] When bringing a Section 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names as defendants six police officers from the Wilmington Police Department, the police dog, the Mayor of Wilmington, the Governor of Delaware, the Wilmington Police Department, and the Delaware Attorney General. (*Id.* at 3-6) Plaintiff seeks an award of monetary damages. (*Id.* at 10)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. DISCUSSION**

I recommend that the court dismiss Plaintiff's complaint because the claims are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense, "*sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.' " *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*quoting Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Claims brought under Section 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is

two years from the date the cause of action accrued. *See* 10 *Del. C.* § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith*, 236 F. Supp. 3d at 888.

Here, Plaintiff's claims accrued on January 10, 2024, when he was arrested and sustained bite injuries from the police dog. (D.I. 2 at 7) Thus, it is apparent from the face of the complaint that the two-year statute of limitations expired before Plaintiff filed the instant suit in March of 2026. Accordingly, Plaintiff's Section 1983 claims are untimely and the complaint should be dismissed with prejudice. *See Woody v. New Castle Police Dep't,* C.A. No. 21-1812-MN, 2022 WL 1202592, at *2-3 (D. Del. Apr. 22, 2022).

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below.

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on November __, 2026 is **ADOPTED**.

2. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Amendment would be futile.

3. The Clerk of Court is directed to **CLOSE** this case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served

with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 17, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE